### In re CARLTON'S ESTATE
No. 70-75

Circuit Court, St. Lucie County.

September 26, 1975.

Raymond E. Ford, Ft. Pierce, for the petitioners.

Robert Jackson of Jackson & Clem, Vero Beach, for Lucy Jane Carlton Rogers.

William F. Willes of Willes, Bettan & Willes, Fort Pierce, for the administrator of the estate.

JAMES E. ALDERMAN, Circuit Judge.

This cause came on for trial on September 24, 1975 upon the petition for determination of heirs filed by Alberta Carlton Hayes, Ruby C. Teague and Charles H. Carlton. Having considered the testimony and evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law.

Perry Carlton died intestate on April 4, 1970. He was not married and had no lineal descendants. His mother and father and all of his brothers and sisters predeceased him. He was survived by a number of nieces and nephews, great-nieces and great-nephews, and one great-great-niece.

With one exception, there is no dispute or question as to the identity of the heirs-at-law of Perry Carlton. The disputed heir is Lucy Jane Carlton Rogers. Mrs. Rogers is the adopted daughter of Lindley L. (Lin) Carlton, who was a brother of Perry Carlton. Lindley L. (Lin) Carlton died in 1940, and at the time of his death had no children other than his adoptive daughter. If, under the law of Florida, Mrs. Rogers is an heir-at-law of Perry Carlton, his estate would be divided as follows —

| | NAME OF HEIR | RELATIONSHIP | PERCENTAGE OF ESTATE |
|---|---|---|---|
| 1. | Lucy Jane Carlton Rogers | Niece | 20 % |
| 2. | Ruby C. Teague | Niece | 10 % |
| 3. | Alberta C. Hayes | Niece | 3 1/3% |
| 4. | Charles H. Carlton | Nephew | 3 1/3% |
| 5. | Reuben W. Carlton | Nephew | 3 1/3% |
| 6. | Mary Elizabeth Carlton | Niece | 3 1/3% |
| 7. | Carl Carlton | Nephew | 3 1/3% |
| 8. | Dan S. Carlton | Nephew | 10 % |
| 9. | Louise C. Whitice | Niece | 10 % |
| 10. | Richard Carlton | Great-Nephew | 3 1/3% |
| 11. | Walter Carlton | Great-Nephew | 3 1/3% |
| 12. | Joanne Carlton Harton | Great-Niece | 3 1/3% |
| 13. | Charles T. Carlton | Great-Nephew | 3 1/3% |
| 14. | John W. Nelson | Great-Nephew | 2 1/2% |
| 15. | James O. Nelson | Great-Nephew | 2 1/2% |
| 16. | Harry W. Nelson | Great-Nephew | 2 1/2% |
| 17. | Sarah N. Vogel | Great-Niece | 2 1/2% |
| 18. | Sally Sue Sims Livergood | Great-Great-Niece | 10 % |
| | | | 100 % |

If Mrs. Rogers is not an heir-at-law of Perry Carlton, and not entitled to inherit from him, her share would be divided among the remaining heirs; their shares being increased proportionately.

The legal issue which the court must determine is whether Mrs. Rogers is an heir-at-law of Perry Carlton, by virtue of her adoption by Perry Carlton's brother. This question must be determined as of April 4, 1970, because the rights of the heirs became vested and fixed upon that date.

On April 4, 1970, the Florida Probate Law, Florida Statutes, §731.30, provided in part as follows —

> "An adopted child, whether adopted under the laws of Florida, or of any other state or country, shall be an heir at law, and for the purpose of inheritance shall be regarded as a lineal descendant of his adopting parents, . . ."

At that time, the Florida Adoption Law, Florida Statutes, §63.151, also provided in part as follows —

> "By any judgment or decree of adoption the child shall be the child and legal heir of the adopting parent or parents, entitled to all rights and privileges and subject to all obligations, of a child born to such parent or parents in lawful wedlock."

It can reasonably be argued from the statutory language quoted above, that the legislature intended to place an adoptive child within his or her adoptive family on the same basis as a natural child. It may also reasonably be contended that this statutory language, when read in conjunction with Florida Statutes, §731.23, which specifies the mode of intestate succession, would allow inheritance between an adoptee and the full range of his or her adoptive kindred.

However, the Florida Supreme Court has taken a different view. In the case of In re Hewett's Estate, 13 So.2d 904 Fla. (1943), the court, construing §731.30, Florida Statutes (1941), specifically held that within the adoptive family, intestate succession is strictly limited to inheritance by and from the adoptee and his or her adoptive parents. The only difference in the statute, from 1943 to 1970, is that it was amended to allow inheritance by and from the adoptee and the other natural and adoptive children of the adoptive parent or parents.

In *Hewett,* the question was whether the adopted daughter of a first cousin of the deceased was entitled to share in the estate to the same extent that her adoptive father would have shared had he

been living. The court held that she could not; that an adoptee could not inherit by intestacy from any adoptive kindred other than his or her adoptive parents.

Exactly the same legal point is presented in the instant case where the question is whether Mrs. Rogers, the adopted daughter of Perry Carlton's brother, is entitled to share in his estate to the same extent that her adoptive father would have shared had he been living. Under the holding of the Supreme Court in the *Hewett* case, she would not.

The court's holding in *Hewett,* and the consequences thereof, have been the subject of critical review. See: 24 University of Florida Law Review 603: *Florida Adoption and Intestate Succession Laws: A Legal Paralogism* (1972). In 1973, the legislature amended Florida Statutes, §731.30, to read in part as follows —

> "An adopted child, whether adopted under the laws of Florida, or of any other state or country, shall for the purposes of inheritance under the Florida probate law, be regarded as the natural issue of his adopting parents and shall inherit from and through his adopting parents . . ."

The amendment apparently was intended to change the rule of the *Hewett* case. A recent law review article questions whether this result was accomplished, because the new statute does not "expressly make the adopted child the heir at law or lineal descendant of the ancestors or blood kindred of the adoptive parents." See 27 University of Florida Law Review 1, at pages 12-13: *The 1974 Florida Probate Code — A Marriage of Convenience* (1975). However, that question is not presently before the court and need not be decided here. This case must be determined upon the law as it existed on April 4, 1970.

Counsel for Mrs. Rogers argues that the Supreme Court incorrectly decided *Hewett,* and urges that this court "overrule" that decision and reach a different conclusion in this case. He overlooks the fact that the circuit court cannot "overrule" a decision of the Florida Supreme Court. This is true even where the circuit court disagrees with the previous holding of the Supreme Court. A different situation would be presented if this were a case of first impression, and if this court were not bound by the previous holding of the Supreme Court.

Based upon the case of In re Hewett's Estate, supra, the court concludes as a matter of law that Lucy Jane Carlton Rogers, the adoptive daughter of Lindley L. (Lin) Carlton, is not an heir-at-law

of Perry Carlton. The court determines the heirs-at-law of Perry Carlton, and their respective shares in the estate, to be as follows —

| NAME OF HEIR | RELATIONSHIP | PERCENTAGE OF ESTATE |
|---|---|---|
| 1. Ruby C. Teague | Niece | 12 1/2% |
| 2. Alberta C. Hayes | Niece | 4 1/6% |
| 3. Charles H. Carlton | Nephew | 4 1/6% |
| 4. Reuben W. Carlton | Nephew | 4 1/6% |
| 5. Mary Elizabeth Carlton | Niece | 4 1/6% |
| 6. Carl Carlton | Nephew | 4 1/6% |
| 7. Dan S. Carlton | Nephew | 12 1/2% |
| 8. Louise C. Whitice | Niece | 12 1/2% |
| 9. Richard Carlton | Great-Nephew | 4 1/6% |
| 10. Walter Carlton | Great-Nephew | 4 1/6% |
| 11. Joanne Carlton Harton | Great-Niece | 4 1/6% |
| 12. Charles T. Carlton | Great-Nephew | 4 1/6% |
| 13. John W. Nelson | Great-Nephew | 3 1/8% |
| 14. James O. Nelson | Great-Nephew | 3 1/8% |
| 15. Harry W. Nelson | Great-Nephew | 3 1/8% |
| 16. Sarah N. Vogel | Great-Niece | 3 1/8% |
| 17. Sally Sue Sims Livergood | Great-Great-Niece | 12 1/2% |
| | | 100 % |